TEXAS EMPLOYERS' INS. ASS'N v. RODGERS. (No. 1873.)

(Court of Civil Appeals of Texas. El Paso. April 22, 1926. Rehearing Denied. May 20, 1926.)

1. Master and servant ☞382—Injured employee may avoid settlement induced by false statements.

Where evidence shows injury to employee was fractured skull and injury was permanent and that statements made to induce settlement were false, employee was entitled to avoid settlement previously made.

2. Master and servant ☞417(5)—Instruction on fraud in case of breach of legal duty, trust, and confidence held inapplicable to false representation by compensation insurer inducing settlement.

Instruction on law of fraud in case of breach of legal duty, trust, and confidence held erroneous as inapplicable and misleading, where fraud alleged was false representation of fact by compensation insurer in inducing settlement with injured employee.

3. Trial ☞215.

When case is submitted under special issue statute, general charges in connection with issues submitted or charges as to law arising on facts should not be given.

4. Appeal and error ☞544(1).

Ruling on evidence which is unsupported by bill of exceptions cannot be reviewed.

5. Master and servant ☞416—Order of Industrial Accident Board approving settlement held subject to review by board for fraud, thereby giving court jurisdiction of appeal from order denying review (Workmen's Compensation Act, § 12d, pt. 1 [Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25]).

Under Workmen's Compensation Act, § 12d, pt. 1 (Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25), Industrial Accident Board could review an order approving settlement where motion for review was based on fraud, thereby giving district court jurisdiction to entertain appeal from board's order denying review.

6. Master and servant ☞417(3¼)—Jurisdiction of courts under Workmen's Compensation Act attaches only by appeal from decision of Industrial Board (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.).

Jurisdiction of all questions arising under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) is vested in first instance in Industrial Board, and jurisdiction of courts does not attach except by appeal from decision of board.

7. Master and servant ☞417(3¼)—Order of Industrial Accident Board refusing to set aside settlement for fraud constituted denial of compensation claim giving court jurisdiction on appeal.

Order of Industrial Accident Board refusing to set aside settlement alleged to be fraudulently made, and approving settlement as made, constituted denial of alleged claim for compensation, giving district court on appeal from those orders jurisdiction to determine all questions at issue.

8. Master and servant ☞417(4½)—Petition in suit to set aside award of Industrial Accident Board should allege facts showing jurisdiction of court.

Petition, in suit by injured employee against insurer to set aside award by Industrial Accident Board, should allege facts to show that jurisdiction of courts has attached to review award or other order of board.

9. Master and servant ☞417(5).

Question of jurisdiction of petition to set aside award by Industrial Accident Board is for court.

10. Master and servant ☞417(4¼)—Certified copies of proceedings filed before Industrial Board should be filed in suit to set aside award.

Employee suing to set aside award of Industrial Accident Board should file certified copies of proceedings filed by him before board, so that it may affirmatively appear that he presented his claim for compensation and that there was denial thereof, thereby showing that jurisdiction of district court has attached.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Master and servant ⊕➾417(1).**

Failure to require election of one of two suits to set aside award of Industrial Accident Board *held* not error, where suits were consolidated before trial.

**12. Master and servant ⊕➾417(3¼)—Premature suit to set aside order of Industrial Accident Board pending rehearing held merged by consolidation with another suit to set aside final order of board.**

Overruling plea of insurer that suit by employee to set aside award of Industrial Accident Board was prematurely brought, because of motion for rehearing pending before board, *held* not shown to be error, where suit was merged by consolidation with another suit for trial which was an appeal from order of Industrial Accident Board denying rehearing.

**13. Master and servant ⊕➾417(1).**

Overruling plea of former suit pending in suit to set aside award of Industrial Accident Board *held* not erroneous, where suits were consolidated for trial.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Separate suits consolidated for trial, by J. D. Rodgers against the Texas Employers' Insurance Association to set aside an order of the Industrial Accident Board denying a review of a settlement and for judgment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Harry P. Lawther and Lawther, Pope, Leachman & Lawther, all of Dallas, for appellant.

Frank S. Roberts, of Breckenridge, for appellee.

HIGGINS, J. On July 25, 1923, appellee, Rodgers, was an employee of the Hope Engineering & Supply Company, which company was a subscriber under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), with appellant, Texas Employer's Insurance Association, as insurer. Upon the date stated, appellee in the course of his employment sustained an injury to his head. He received hospital and medical attention provided by appellant. In the latter part of October, 1923, appellant and appellee entered into a compromise agreement, subject to the approval of the Industrial Accident Board, whereby, for the recited consideration of $41.50 to be paid, and the compensation amounts theretofore paid, the appellee released appellant from further liability. This agreement was approved by said board by order dated November 20, 1923, said sum of $41.50 having been theretofore paid and receipt therefor given.

On January 22, 1925, appellee filed suit in the district court of Stephens county against the appellant, setting up the following: That

on December 23, 1924, the Industrial Accident Board in the matter of J. D. Rodgers, Employee, v. Hope Engineering & Supply Company, Employer, Texas Employers' Insurance Association, Insurer, entered the following order:

"On this 23d day of December, A. D. 1924, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board the petition to reopen and review the above-styled claim, and the board finds and orders as follows:

"That heretofore on November 20, 1923, order was made and entered herein according approval to compromise settlement agreement that had previously been made and entered into by and between the claimant and the Texas Employers' Insurance Association; that so far as disclosed by the evidence no fraud or such substantial misrepresentations as could be construed as having induced the execution of said agreement of the approval of same was established; and therefore reopening and review of said claim ought to be and the same is hereby denied and refused, and it is so ordered, adjudged, and decreed by the board."

That on January 10, 1925, plaintiff notified the board and the insurer of his unwillingness to abide said decision. The petition then sets up the usual allegations in suits in the district court upon appeal from awards of the Industrial Accident Board, and further alleged that the insurer had paid him 12 weekly compensation payments of $13.85 each and refused to make further compensation, claiming it had made settlement of his claim on October 29, 1923, which settlement had been approved by the board, and upon such refusal to pay further compensation plaintiff presented his claim for compensation to the board and his motion to reopen and review his claim, and the board had refused to do so and refused to allow him compensation, and the suit was to review that ruling. It then alleged that the compromise agreement had been procured by fraud and false representations made to him by appellant's agents as to his injury, and set up the facts entitling him to a lump sum settlement and the employment of an attorney to represent him, and prayed that the above ruling of the board be set aside, and for judgment for 401 weeks' compensation, less the payment theretofore made and for general relief.

The number in the lower court of the above suit was 6260. On March 27, 1925, appellee filed suit in the district court of Stephens county against the appellant, numbered 6344, setting up the following:

Defendant is a corporation doing general compensation insurance business in this state. The plaintiff on July 23, 1923, was an employee of the Hope Engineering & Supply Company, which company held a policy of compensation insurance issued by plaintiff; that on July 23, 1923, plaintiff, in the course

---

of his employment, was injured, setting up the nature of his injuries and that he had suffered a total permanent incapacity and disability as the result of his injury; setting up his average weekly wages, and that he was entitled to compensation for 400 weeks, less $166.20 theretofore paid by appellant; that he had given notice of his injury; that on or about November 1, 1923, he entered into a compromise agreement with appellant, which agreement he was induced to make by false and fraudulent representations made to him by defendant's agents with respect to his injury; that he had presented his claim for compensation to the Industrial Accident Board and asked that said compromise agreement be set aside, and on December 23, 1924, the board entered its final ruling, from which ruling he had appealed and filed suit numbered 6260, heretofore referred to; that prior to the filing of suit No. 6260 he filed a motion for rehearing with the board to set aside its order of December 23, 1924, and upon February 20, 1924, the board overruled and denied his motion for rehearing, and the plaintiff gave notice of appeal from this latter order.

The petition then sets up total disability and asks for a lump sum settlement. The prayer was that the final ruling of the Industrial Accident Board be set aside and for judgment against the defendant for compensation for 401 weeks at the rate of $13.85 per week, less $166.20 theretofore paid, amounting in the aggregate to $5,600.

On May 26, 1925, suits Nos. 6260 and 6344 were consolidated by order of the court upon motion of appellee. In the consolidated causes the plaintiff, on May 26, 1925, filed his first amended original petition in lieu of his two petitions above set forth.

In brief, the allegations of the amended petition are as follows: That the defendant was a corporation, writing general compensation insurance business; that plaintiff was an employee of the Hope Engineering & Supply Company and was injured on July 23, 1923, while in the course of his employment, and said company held a policy of insurance issued by appellant for the payment of compensation insurance to its employees under the laws of this state. The nature of the injuries were alleged, and that in consequence thereof the plaintiff had suffered a total permanent incapacity and disability, and that he was entitled to compensation for a period of 400 weeks from the date of his injury, less $166.20 theretofore paid.

The usual allegations with respect to notice of the injury were given, and that on or about November 1, 1923, a compromise agreement was entered into between plaintiff and defendant, which agreement was approved by the Industrial Accident Board on November 20, 1923; that he had been induced to enter into such agreement by the false and fraudulent representations of the agents of defend-

ant that he had sustained no permanent injury and had recovered; that the agreement was unsupported by any consideration, in that the $41.52 paid was for three weeks' past-due compensation; that he presented his claim for compensation to the Industrial Accident Board and asked that the compromise agreement be set aside, and on December 23, 1924, said board made its final ruling, but the nature of the ruling made is not stated, and thereafter the plaintiff appealed and filed suit to set aside said ruling of the board in suit No. 6260; that he filed with said board a motion for rehearing of said order on December 23, 1924, and on February 20, 1925, the board overruled the motion for rehearing; from which order he appealed and filed suit, which suit had been consolidated with No. 6260. He set up that he was entitled to a lump sum settlement. The prayer was that the final ruling of the Industrial Accident Board be set aside and vacated and for judgment for compensation at the rate of $13.85 per week for 401 weeks, less $166.20 theretofore paid, in the aggregate sum of $5,600, as a lump sum settlement and for general relief.

The petitions filed with the Industrial Accident Board referred to in the plaintiff's pleadings do not appear in the record. We are therefore not advised of the exact nature thereof except by the allegations of the petition.

The board's order of December 23, 1924, appears in the transcript and reads as quoted in the petition in suit No. 6260.

The order of February 20, 1925, appears in the transcript and reads:

"J. D. Rodgers, Employee, v. Hope Engineering & Supply Company, Employer; Texas Employers' Insurance Association, Insurer. On this 20th day of February, A. D. 1925, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board petition to review order made and entered herein under date December 23, 1924, and the board finds and orders as follows, to wit:

"That the evidence submitted herein in connection with said petition for the review of said order has not made it appear that any fraud or misrepresentation was either indulged in or practiced by the Texas Employers' Insurance Association and those agents and representatives of said association having the matter in charge in order to induce J. D. Rodgers to make and enter into compromise settlement agreement making disposition of his claim for compensation that is herein involved, or that any fraud was indulged in or misrepresentation practiced by said association or its agents or representatives having the matter in charge which operated to induce the Industrial Accident Board to approve the settlement agreement made by it with said J. D. Rodgers and submitted to the board and securing its approval; and the board is therefore of the opinion that said petition to review ought to be and the same is hereby denied and refused and modification and change in said order ought to be and the same is hereby denied and refused, and it is so ordered, adjudged, and decreed by the board."

Upon the trial the jury made the following findings:

(1) The plaintiff was induced to sign the compromise settlement receipt by false and fraudulent representations on the part of the defendant or its agent.

(2) The consideration recited in the compromise settlement receipt was grossly inadequate.

(3) The plaintiff sustained injuries to his head on July 23; 1923, while in the course of his employment.

(4) Such injuries resulted in permanent, total incapacity to labor.

(5) Failure on the part of the defendant to make a lump sum settlement with plaintiff of the compensation due him on account of said injuries would work manifest hardship and injustice to plaintiff.

Judgment was rendered as follows: The order of the Industrial Accident Board of November 20, 1923, was annulled and set aside with all subsequent orders, final rulings, and decrees relative thereto, and that the compromise settlement receipt executed by plaintiff and defendant was null and void. It then awarded compensation to the plaintiff and judgment for $997.15, past-due weekly compensation, and the further sum of $3,722.24, as a lump sum settlement, making a total award of $4,713.39. From the judgment rendered the defendant prosecutes this appeal.

The evidence shows that appellee was thrown from a truck while in the course of his employment and sustained a severe blow upon the head which rendered him unconscious for several hours. He was provided with hospital and medical attention by appellant and for some time was paid weekly compensation. About October appellant directed appellee to go to Dallas for examination by physicians. Upon arrival there, appellant's agents had him examined by doctors of their selection. The doctors reported to appellant's agents, in substance, that appellant had no permanent injury, was well, and ready to return to work. These statements were repeated to appellee by appellant's agents, and relying upon the truth thereof appellee executed the compromise agreement. He returned to his home at Breckenridge, where he was shortly thereafter paid the $41.50 recited in the agreement and executed his receipt therefor, in which appellant was released from further liability. The agreement and receipt was submitted to the Accident Board, which approved the settlement on November 20, 1923.

There is an abundance of evidence that the injury to plaintiff was a fractured skull; that it was a permanent injury, completely incapacitated him for work, and the statements made to the plaintiff as to his condition to induce the settlement were false.

[1] Upon this state of facts, the plaintiff was entitled to avoid the settlement, and all assignments and propositions are overruled, which in various forms attack the sufficiency of the evidence to set aside the settlement. This phase of the case is within the rule announced in many personal injury cases wherein releases have been avoided which the injured person had been induced to execute upon false representations as to the extent and character of his injuries. The case here is different from the Kramer Case (Tex. Civ. App.) 141 S. W. 123, relied upon by appellee. So far as concerns the avoidance of the settlement, the evidence brings the case within the rule announced in many cases in this state, some of which are as follows: Ry. v. Brown (Tex. Civ. App.) 69 S. W. 651; Ry. v. Bright (Tex. Civ. App.) 156 S. W. 304; Alenkowsky v. Ry. (Tex. Civ. App.) 188 S. W. 956; Cowan v. El Paso. etc. (Tex. Com. App.) 271 S. W. 79.

In connection with the first issue, the court gave this instruction:

"In this connection you are charged that fraud is any act, omission, or concealment, which involves a breach of legal duty, trust, or confidence, justly reposed, and is injurious to another or by which an undue and unconscientious advantage is taken of another, or is all acts, omissions, or concealments which involve a breach of legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another,' or by which an undue or unconscientious advantage is taken of another.

"And in any case where false or fraudulent representations are made to another to induce the execution of a contract or release from liability from personal injury, it is immaterial whether the person making the false statements believed them to be true, for the rule is that, even though the party making the false statement or representations believes them to be true, that fact is unavailing, and the injured party is entitled to relief against them if the representations made or repeated were actually false."

[2] Proper exception was reserved and is here assigned as error to this charge upon the ground that the instruction with respect to the law of fraud in the case of a breach of legal duty, trust, and confidence, etc., had no application to the facts of this case, and for this reason was erroneous. This is sustained and necessitates reversal. The fraud in this case was a false representation of fact. All that portion of the charge which dealt with other phases of the law of fraud was inapplicable and misleading.

[3] While it is not here urged, it is proper to say, in view of retrial, that in cases submitted under the special issue statute, it is improper to give general charges in connection with the issues submitted or charges as to the law arising upon the facts. Humble, etc., v. McLean (Tex. Com. App.) 280 S. W. 557; Ry. v. Harrington (Tex. Com. App.) 235 S. W. 188; Connellee v. Nees (Tex. Com. App.) 266 S. W. 502. The instruction given in connection with the first issue was objectionable under the cases cited, but we do not re-

verse upon that ground, because no such objection was urged in the court below or here.

[4] The ruling upon evidence complained of in the twenty-second assignment is unsupported by bill of exception, for which reason it cannot be reviewed.

[5] It is asserted the district court was without jurisdiction to entertain an appeal from the board's orders of December 23, 1924, and February 20, 1925, because such orders were void. This contention is predicated upon the theory that the order of the board dated November 20, 1923, approving the settlement, was final and not subject to subsequent review by the board because such order was not one ending, diminishing, or increasing compensation previously awarded, and, under section 12d, part 1, of the act (article 5246—25; Complete Texas St. 1920 or Vernon's Ann. Civ. St. Supp. 1918), those are the only orders which the board may subsequently review. Miller's, etc., v. Hayes (Tex. Com. App.) 240 S. W. 904, is adverse to this contention. In that case it was held that the power of the board to subsequently review a previous order was not limited to awards or orders ending, diminishing, or increasing compensation previously awarded, and the power of the board to set aside a previous order denying compensation and award same was sustained. See, also, Texas, etc., v. Knouff (Tex. Civ. App.) 271 S. W. 633. The section quoted authorizes a review in cases of fraud, and appellee's motion for review was based upon that ground. We are of the opinion the board had authority to review its order of November 20, 1923.

[6, 7] Jurisdiction of all questions arising under the act is vested in the first instance in the Industrial Accident Board. The jurisdiction of the courts does not attach except by appeal from the decision of the board. The appellant questions the jurisdiction of the district court, upon the ground that it was not alleged or proven that appellee had ever filed his claim for compensation with the board. The plaintiff alleged that within the time prescribed by law he made claim for compensation to appellant and the board; he further alleged the making of the settlement, its approval by the board, and the fraud of appellants in avoidance thereof; he again set up that he presented his said claim for compensation to the board and asked that the board set aside the settlement and its order of December 23, 1924, overruling the same, and also set up his motion for rehearing and the board's order of February 20, 1925. So far as the pleading is concerned, it is sufficient because the orders of December 23d and February 20th by refusing to set aside the settlement and the order of the board approving the same constituted a denial of the alleged claim for compensation, and upon appeal from those orders the district court had jurisdiction to determine all questions at issue.

Texas, etc., v. Knouff, supra. However, the record does not contain any proof of the proceedings filed by appellee with the board.

[8, 9] The petition should allege facts to show that the jurisdiction of the courts has attached to review the award or other order of the board. The question of jurisdiction is for the court to determine. Texas, etc., v. Downing (Tex. Civ. App.) 218 S. W. 112; Farris v. U. S. F. & G. Co. (Tex. Civ. App.) 251 S. W. 616; Millers', etc., v. Hughes (Tex. Civ. App.) 256 S. W. 334.

[10] If not absolutely essential, as to which no opinion is expressed, we think it the better practice to adduce evidence before the court to show that claim for compensation under the act has been presented to and acted upon by the board. Ordinarily, the order of the board upon a claim for compensation upon its face would show that it was action upon such claim and this would perhaps be sufficient. But the orders here appealed from relate to a refusal to set aside an order approving a settlement. If the petition filed with the board embraced a claim for compensation, then, as stated above, the orders refusing to set aside the order of November 20th constituted a denial of compensation, and that matter has been thus acted upon by the board. While we do not base the reversal of this case upon this ground, yet upon retrial we think it would be well to file certified copies of the proceedings filed by appellee before the board so that it may affirmatively appear that he has presented his claim for compensation to the board, and a denial thereof thus necessarily embraced within the scope of the board's orders of December 23d and February 20th.

This is a question which affects the jurisdiction of the district court over the subject-matter, and upon retrial it will be the better practice to affirmatively show that its jurisdiction had attached.

There is no merit in appellant's third point, to the effect that notice to it of appeal from the order of February 20th was not shown. The statement of facts contains an admission by appellant that such notice was given in accordance with the statute.

[11-13] The first, second, and third assignments are to the effect that the court erred, first, in refusing to require plaintiff to elect whether he would prosecute suit No. 6260 or No. 6344; second, in overruling defendant's plea to the effect that No. 6260 was prematurely brought because when that suit was filed the plaintiff's motion for rehearing was pending before the Industrial Accident Board, wherefore the order of December 23, 1924, was not a final ruling and decision, from which an appeal could be prosecuted; and, third, in overruling the plea made in No. 6344 of former suit pending and in not requiring plaintiff to elect which cause of action he would prosecute. We fail to see any merit in

these assignments. The consolidation of the two suits met the first and third objections. As to the second assignment, the order of February 20th was certainly final. Suit No. 6344 was the appeal therefrom. We doubt if suit No. 6260 was premature (Tex., etc., v. Vestal [Tex. Civ. App.] 271 S. W. 225); but if it was premature it was merged by consolidation with No. 6344, and the matter thus became merely a matter of costs.

For error in the court's charge given in connection with the first issue, the judgment is reversed.

Reversed and remanded.