## HOYLE v. FEDERAL LLOYDS OF AMERICA. (No. 516.)

Court of Civil Appeals of Texas. Waco. April 21, 1927.

Rehearing Denied May 19, 1927.

1. **Master and servant** ⟝416—Industrial Accident Board may amend or modify award until appeal has been perfected (Rev. St. 1925, art. 8306, § 12d).

In view of Rev. St. 1925, art. 8306, § 12d, the Industrial Accident Board retains jurisdiction to amend or. modify its award until some party in interest· has perfected appeal therefrom by filing suit in court of competent jurisdiction to review its action.

2. **Master and servant** ⟝417(4½)—Notice of appeal from award of Industrial Accident Board is ineffective until suit is filed in court of competent jurisdiction (Rev. St. 1925, art. 8307, § 5a).

Notice of appeal from award of the Industrial Accident Board, under Rev. St. 1925, art. 8307, § 5a, does not confer jurisdiction on the trial court unless and until suit has been filed in a trial court of competent jurisdiction.·

3. **Master and servant** ⟝391½—Claimant could not sue under statute to mature award materially changed before suit was filed (Rev. St. 1925, art. 8307, § 5a).

Compensation claimant could not sue under Rev. St. 1925, art. 8307, § 5a, to mature an award of the Industrial Accident Board, where award had been materially changed by the board on petition filed with it before suit was filed, and original award was ineffective after change was made therein.

Appeal from District Court, Falls County; E. M. Dodson, Judge.·

.Suit by E. S. Hoyle against the Federal Lloyds of America. From a judgment for defendant, plaintiff appeals. Affirmed.

Miller & Godfrey, of Dallas, for appellant. Collins & Houston, of Dallas, for appellee.

BARCUS, J. This appeal involves the construction of the Workmen's Compensation Act as it relates to the right of an insurance company, without in any way complying with the original award, to have same modified or changed after the time for appeal has expired by filing a petition with the Industrial Accident Board, and involves the right of the claimant to mature the original award while said application to amend the award is pending before said board.

It appears from the record that appellant, while working for the Austin Bridge Company, which carried a compensation insurance policy with appellee, was injured. He filed his application for compensation with the Industrial Accident Board, and said board in April, 1926, made an award, finding that appellant was totally disabled and allowing him $20 per week for 401 weeks, payable weekly, to begin with February 11, 1924. Appellee gave notice of appeal, but did not perfect same by filing suit in the proper court. Appellee did not make any payments on said award. On July 19, 1926, appellee filed its motion with the Industrial Accident Board, asking that the award of April 6th be set aside or changed, since it appeared there was a mistake in the order as entered in that under the evidence and pleading the award should have been made to begin with February, 1926, instead of February, 1924; and further alleging that appellant, the claimant, had entirely recovered from his injury and that the award as to future payments should be canceled. Appellant, on August 10, 1926, filed his answer to said petition with the Industrial Accident Board, denying that there was any mistake made in the award as entered, and denying specifically that he had recovered from his injury. On August 13, 1926, appellant, after he had filed his answer with the Industrial Accident Board, filed this suit in the district court of Falls county, seeking to mature the entire award of the board as made on April 6th, together with the statutory 12 per cent. penalty and attorney's fees. After this suit was filed in August, the Industrial Accident Board, in September, heard appellee's petition for a change or modification in the award as made on April 6th, and granted same to the extent that it made the weekly payments under the award begin with January 1, 1926, instead of February 11, 1924. The Industrial Accident Board further found that appellee had not recovered from his injury, and refused to cancel the future payments. From the award as made on September 24, 1926, appellee gave notice of appeal, and filed its suit to review the action of the Industrial Accident Board in the district court of Falls, county, where said suit is now pending.

.When this cause was called for trial in. November, 1926, appellee filed its plea in abatement, claiming that the district court had no power to hear or determine this suit or to make the award of April 6th final or to enforce its payment, because said award had been changed and modified by the Industrial Accident Board on September 24, 1926,. and for the further reason that at the time the suit was filed to mature the claim a motion was then pending before the Industrial Accident Board for a modification and change of the award as made in April, 1926, and by reason thereof the board had exclusive jurisdiction of the controversy and issues so long as the motion was pending. The trial court sustained the plea in abatement and dismissed the cause. Hence this appeal.

[1] Appellant contends that the Industrial Accident Board had no power to amend or modify the award as made by it against appellee on April 6, 1926, because the time for appeal had expired and appellee had not complied with the award by making payments as they fell due. We cannot agree with this contention. Under the provisions of section 12d, article 8306 of the Revised Statutes 1925, it is provided that:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing. or increasing [same]."

[2] It seems to be now well settled that after an appeal has been perfected by a suit being filed in a court of competent jurisdiction to review the action of the Industrial Accident Board, it loses control and cannot enter any further order with reference thereto, but that the court in which the appeal is filed has exclusive jurisdiction thereof. It seems to be equally well settled that until some party at interest has perfected an appeal, the Industrial Accident Board retains jurisdiction of the parties and the subject-matter, and can make any orders with reference thereto it thinks proper. Millers' Indemnity Underwriters v. Hayes (Tex. Com. App.) 240 S. W. 904; Mingus v. Wadley (Tex. Sup.) 285 S. W. 1084; Vestal v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 285 S. W. 1041; Cleveland v. Ward (Tex. Sup.) 285 S. W. 1063; Texas Employers' Ins. Ass'n v. Rodgers (Tex. Civ. App.) 284 S. W. 968. Notice of appeal does not confer jurisdiction on the trial court unless and until the suit has been filed in a trial court of competent jurisdiction. Oilmen's Reciprocal Ass'n v. Franklin (Tex. Com. App.) 286 S. W. 195; Texas Employers' Ins. Ass'n v. Nunamaker (Tex. Civ. App.) 267 S. W. 749.

Section 5a of article 8307 of the Revised Statutes 1925 provides, in substance, that where the Industrial Accident Board makes a final ruling and decision on a claim, any interested party who is not willing to abide thereby may appeal by giving notice within 20 days and by filing suit in the proper court within 20 days after notice is given. Section 5a of said article provides, in substance, that where an award is made in favor of a claimant against the insurance company, requiring weekly or monthly payments, and the company fails or refuses to pay "without justifiable cause," the claimant may bring a suit to mature the entire award, and in addition may recover 12 per cent. penalty and reasonable attorney's fees. As to what would be a justifiable cause sufficient to prevent the maturity of the entire claim and relieve the insurance company from paying the penalty and attorney's fees, it is not necessary for us to and we do not determine. In the case of Minor v. London Guarantee & Accident Co. (Tex. Com. App.) 280 S. W. 163, the claimant brought suit to mature an award, together with the statutory penalty and attorney's fees, and the trial court refused to mature the entire claim on the theory that the insurance company had shown a justifiable cause for not having made the payments. The Supreme Court reversed this judgment, holding that the evidence was not sufficient to sustain said finding, but did not render the judgment thereby in effect, as we construe the opinion, holding it would be a question for the trial court to determine from the evidence on another trial whether a justifiable cause for nonpayment existed.

[3] We think under the provisions of the Workmen's Compensation Act, since no appeal had been perfected from the award of the board as made by it on April 6, 1926, the board had the right to make any changes therein as to it seemed wise and proper. Millers' Indemnity Underwriters v. Hayes (Tex. Com. App.) 240 S. W. 904; Texas Employers' Ins. Ass'n v. Rodgers (Tex. Civ. App.) 284 S. W. 968. In Texas Employers' Insurance Association v. Rodgers, supra, the claimant and the insurance company had by agreement settled said claim, and months thereafter the claimant filed a petition asking that the settlement be set aside and that he be granted compensation. The board refused to reopen the case, and the claimant appealed from the order of the board refusing to reopen the matter and grant him an award. It was held that the claimant had a right to appeal and try the cause in the district court, and the judgment rendered by the district court granting an award was affirmed. We have not found any case that holds or suggests that the Industrial Accident Board during the period of compensation has not the power to reopen a case where no appeal has been taken from its findings or awards. We do not think appellant was entitled to mature the award made on April 6, 1926, by the Industrial Accident Board, because said award had been materially changed by the board in response to a petition filed with it by appellee before the suit to mature the award was filed, and the award of April 6th was of no force or effect after same had been so changed. If appellant was dissatisfied with the order of the board as made in September, 1926, changing the award of April, 1926, he had a right to appeal. He could not have the April award enforced after same had been set aside by the Industrial Accident Board. The order made by the Industrial Accident Board in September, 1926, recites that there was a mistake on the part of the board in making the award in April, and that it intended to at that time and it did in September make the award provide that the weekly payments should begin with January, 1926, instead of February, 1924. Under the award as made in September there were only 15 payments due in April when the original award was made, and under the award as written there were 108 payments due at that time. Since it appears from the record that the board had itself set aside its award as made in April, 1926, and since it appears that appellee had perfected its appeal from the order as made in September, the trial court was not authorized to mature the award for appellant as made in his favor by the board in April, 1926.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.