**MARRERO et ux. v. AMERICAN GEN. INS. CO.**

No. 10108.

Court of Civil Appeals of Texas. Austin.

Feb. 4, 1953.

Rehearing Denied Feb. 25, 1953.

Writ of Error Refused May 6, 1953.

**374**

J. Hubert Lee, Austin, for appellants.

Hart, Brown & Sparks, Jay H. Brown, Austin, for appellee.

ARCHER, Chief Justice.

Plaintiffs sued upon two causes of action: First, to mature an award of the Industrial Accident Board of the State of Texas dated April 12, 1951, and to recover a $2,000 attorney's fee and 12% damages in addition, and, in the alternative, they prosecuted an appeal from an award of said Industrial Accident Board dated April 19, 1951, and sought to recover workmen's compensation benefits on account of the death of their son, Pedro Marrero, who lost his life while working in the course of his employment for J. M. Odom in the City of Austin, Travis County, Texas. Taking the position that the award dated April 12, 1951, never become a final order or award such as would sustain any action to mature the same, defendant pleaded in abatement to the first cause of action but interposed only a general denial to the second cause of action. Plaintiffs moved for a summary judgment on their action to mature the first award, but they did not abandon their alternative ground of recovery. That motion for a summary judgment was overruled. The defendant's plea in abatement was sustained.

The appeal is before this Court on six points assigned as error and are as follows:

### First Point

The trial court erred in sustaining appellee's plea in abatement and dismissing appellants' cause of action for enforcement of the award of April 12, 1951 (first award) because such award was a valid, existing award from which no appeal had been taken.

### Second Point

The trial court erred in sustaining appellee's plea in abatement and dismissing appellants' cause of action for enforcement of the unappealed award of April 12, 1951 (first award), thereby holding that the award of April 19, 1951 (second award), reducing the compensation of the first award, was valid although entered without notice and without rehearing.

### Third Point

The trial court erred in sustaining appellee's plea in abatement and dismissing appellants' cause of action for enforcement of the award of April 12, 1951 (first award), thereby holding that neither the first nor the second paragraph of Vernon's Ann.Civ.St. Article 8307, Section 5a applied to such an award.

### Fourth Point

The trial court erred in overruling appellants' motion for summary judgment for enforcement of the award of April 12,

1951 (first award) because such award was a valid, existing award from which no appeal had been taken and all facts are matters of record or are supported by adequate affidavits, there being no fact issue.

### Fifth Point

The trial court erred in overruling appellants' motion for summary judgment for enforcement of the unappealed award of April 12, 1951 (first award) thereby holding that the award of April 19, 1951, reducing the amount of compensation of the first award, was valid although entered without notice to claimants and without rehearing.

### Sixth Point

The trial court erred in overruling appellants' motion for summary judgment for enforcement of the award of April 12, 1951 (first award) and for the assessment of twelve per cent (12%) damages and reasonable attorneys fees against appellee, thereby holding that neither the first nor second paragraphs of Article 8307, Section 5a, applied to such award.

Appellants' first, second, fourth and fifth points are briefed together by appellants in their brief and will be so discussed by us.

The facts are not controverted, and only a question of law is presented to this Court.

Claim for compensation on account of the death of Pedro Marrero was duly made and the Industrial Accident Board made an award on April 12, 1951, fixing a compensation rate at $22.62 per week for a period of 360 weeks.

On April 19, 1951, the Board, without notice and rehearing, made and entered the following order:

"Pedro Marrero (Dec'd),
    Employee
        vs.            K–8715
"J. M. Odom,
    Employer
"American General Insurance Company,
    Insurer

"On this 19th day of April, 1951, upon its own motion came on to be considered by Industrial Accident Board review and correction of award made and entered under date April 12th, 1951, and Board finds and orders:

"That mistake, and error was committed in award of April 12th, 1951 in the particular that average weekly wage was fixed at $37.70 and compensation rate at $22.62, whereas the correct average weekly rate is and should have been stated as $34.60, and compensation $20.76 per week under the Act. Therefore, in order to correct said mistake and error and have said award reflect the correct compensation rate award of April 12th, 1951 is hereby set aside, cancelled and held of no binding force or effect and the following entered as award of the Board, to wit—

"On December 11th, 1950, J. M. Odom was a subscriber to the Employers' Liability Act with Insurance carried by American General Insurance Company. In his employ was Pedro Marrero whose average weekly wage was $34.60, and compensation rate $20.76 per week under the Act. On said date Pedro Marrero suffered injury in course of employment resulting in his death.

"Deceased left surviving as his sole and exclusive legal beneficiaries Fernando Marrero and Julia Marrero, father and mother respectively, who are entitled to compensation for the definite period of 360 weeks of which 18 installments payments in the sum of $373.68 had matured April 16th, 1951, leaving an unmatured period of 343 weeks.

"American General Insurance Company is ordered to pay Fernando Marrero $186.84 accrued compensation, and further sum of $10.38 per week for remaining period of 342 consecutive weeks from April 16th, 1951.

"American General Insurance Company is ordered to pay Julia Marrero $186.84 accrued compensation, and further sum of $10.38 per week for remaining period of 342 consecutive weeks from April 16th, 1951."

The only change made in the award of April 12, 1951, by the subsequent award of April 19, 1951, was that the compensation rate was reduced from $22.62 to $20.76; and, according to the order was to correct the Board's own mistake and error.

We believe that since no suit was filed to review the award of the Board dated April 12, 1951, and time within which the defendant could have given notice of its dissatisfaction with that award, and of its intention to appeal therefrom had not expired, such award had not become final and that the Board had the inherent power to set the same aside, and, that having been done on April 19, 1951 the former award never became a final order or award such as would sustain any action to mature it.

Plaintiffs did not seek rehearing on their claims, but on May 9, 1951, they gave notice that they would not abide by the award of April 19, 1951. On May 19, 1951, plaintiffs made demand upon the defendant to comply with the terms of the first award, and such demand was refused, and on May 29, 1951, plaintiffs instituted this suit.

By their petition plaintiffs sought to mature the first award and to recover an attorney's fee and 12% damages, and in the alternative sought to recover workmen's compensation benefits at the rate of $24.93 per week for 360 weeks.

The defendant, taking the position that the first award never became final such as would sustain any action to mature the same, pleaded in abatement to the cause of action whereby plaintiffs sought to mature such award.

The plaintiffs filed a motion for summary judgment on the cause of action to mature the first award, on a hearing the plea in abatement was sustained and the motion for summary judgment was overruled. No action has been taken on plaintiffs' cause of action to vacate the award of April 19, 1951, and to establish the average weekly wage of the deceased as $41.55 and that the compensation be $24.93 weekly for 360 weeks and that such be paid in a lump sum and for attorney's fees, etc., such portion of the cause of action is pending now in the District Court.

We believe that the trial court was justified in entering the order sustaining the plea in abatement and in overruling the motion for summary judgment.

There is no question of due process in this case. The plaintiffs are entitled to be paid the compensation benefits provided by law. The amount to which they are entitled is a question that can be determined upon a trial de novo, and upon such trial they will be given an opportunity to prove what is the correct rate.

The filing of the suit has deprived the Board of jurisdiction to take any further action in connection with the claim.

Article 8307, V.A.C.S., provides that all controversial questions arising under the statute are first determinable by the Board and that the Board has exclusive jurisdiction to order adjustment of all such matters until such time as a suit shall be filed, etc.

In Bly v. Employers Liability Assur. Corp., Tex.Civ.App., 181 S.W.2d 878, 879, error refused, a case similar to this case, the Court held:

"Should suit not be filed in protest of the rulings of the Board within the limitation period, the action of the Board becomes final. In absence of suit, the Board has inherent power as a judicial agency to do what it will with its orders erroneously entered. Its orders become final and enforceable only on and after the twenty-day period. Like unto orders and judgments of a court during term time, the Accident Board has the same inherent power and right of control over its rulings and decisions as a court has over its judgments, subject only to the limitation that if suit is filed, then the Board shall proceed no further toward the adjustment of such claims. While the Industrial Accident Board is not a court vested with power to enforce its orders and awards, yet it may exercise quasi judicial functions. Vestal v. Texas Employers' Ins. Ass'n, Tex.Com.App., 285 S.W. 1041; Ocean, etc., Corp. v. Pruitt, Tex.Com.App., 58 S.W.2d 41. The Board's orders awarding compensation have all the force

and effect of a judgment. Middlebrook v. Texas Indemnity Co., Tex.Civ.App., 112 S.W.2d 311. They are reviewable by the Board within the contestable period, without notice, and subject to revision on rehearing, for fraud, accident or mistake."

The plaintiffs have not been prejudiced by the action of the Board in setting aside its first award. The plaintiffs have not abandoned their alternative course of action seeking to recover upon a trial de novo, compensation benefits of "24.93 a week which is in excess of the amount fixed by the Board."

The plaintiffs cannot have the award of April 12, 1951, enforced after it had been set aside by the Board. Hoyle v. Federal Lloyds of America, Tex.Civ.App., 295 S.W. 202, error ref.

■ We believe that the defendant had justifiable cause to refuse to pay compensation in the amount stated in the first award since such an award had been set aside and another one had been entered fixing a reduced rate. Bly v. Employer's Liability Assur. Corp., supra.

Article 8307, supra, provides that where the Board has made an award against an association requiring the payment to an injured employee, etc., any payments under the terms of the law, and should thereafter fail or refuse, without justifiable cause to make such payments, etc., said injured employee, etc. shall have the right to institute suit, and provides for penalties and attorney's fees.

■ Since there was a genuine fact issue involved in the hearing on plaintiffs' motion for summary judgment as to whether there was justifiable cause for defendant's refusal to pay the award of April 12, 1951, the trial court correctly found that issue in favor of defendant and properly overruled the motion. Gulbenkian v. Penn, Tex.Sup., 252 S.W.2d 929.

We have discussed the case for such benefit as it may be to the trial court on any subsequent trial of the alleged cause of action the plaintiff may have under this second count, and except for our subsequent action herein would affirm the judgment.

By its fourth counterpoint the appellee contends:

That because the order from which the appeal is prosecuted neither expressly nor by necessary implication disposed of plaintiffs' alternative cause of action it is not a final judgment, and that the appeal should be dismissed.

The plaintiffs asserted two causes of action; by one they sought to mature an award of the Board dated April 12, 1951; and by the other sought to recover benefits for 360 weeks at the rate of $24.93, the defendant pleaded in abatement to the first cause of action, the plaintiffs moved for summary judgment on the same cause of action, both the plea in abatement and the motion for summary judgment were heard. Upon a hearing the trial court found the facts, sustained the plea in abatement and overruled the motion for summary judgment. No action was taken with respect to plaintiffs' second cause of action.

■ We recognize that with certain statutory exceptions, not here involved, an appeal lies only from a final judgment, and that a judgment is not final unless it disposes of all parties and of all issues, either expressly or by necessary implication.

■ From the record submitted it appears that this Court is without jurisdiction and since the judgment sought to be appealed from did not dispose of plaintiffs' second cause of action and was therefore not a final judgment. Davis v. McCray Refrigerator Sales Corportion, 136 Tex. 296, 150 S.W.2d 377.

The appeal is dismissed.

Appeal dismissed for want of jurisdiction.

HUGHES, Justice (concurring).

I express no opinion upon any question in this case except that I concur in the holding that this appeal should be dis-

missed because no final judgment has been rendered in the court below. 3A Tex.Jur. p. 91; Sterett v. Dyer, Tex.Civ.App., 230 S.W.2d 461 (San Antonio C.C.A., writ ref.).