## MILLER'S INDEMNITY UNDERWRITERS v. HAYES. (No. 672.)

(Court of Civil Appeals of Texas. Beaumont. April 19, 1921. Rehearing Denied May 4, 1921.)

**Master and servant** ⚖➾417(4½)—**Appeal under Compensation Act abandoned by failure to sue.**

Failure of losing party in a proceeding under Workmen's Compensation Act, pt. 1, § 12d, and part 2, § 5 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—25, 5246—44), to perfect his appeal after notice thereof by the filing of suit within the statutory period, is an abandonment of the appeal, and the administration of the claim rests with the Board as if no notice had been given.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Proceeding by Eleanor Hayes under the Workmen's Compensation Act to obtain compensation for the death of her alleged husband, Charley Hayes, opposed by the Beaumont Shipbuilding & Dry Dock Company and the Miller's Indemnity Underwriters. There was an award of compensation, and the insurer appeals. Affirmed.

Collins, Morris & Barnes, of Beaumont, for appellant.

T. N. Hill and J. A. Harrison, both of Beaumont, for appellee.

WALKER, J. This is an appeal from an award made by the Industrial Accident Board in favor of appellee. The principal question before us is the construction of section 12d, pt. 1, and section 5, pt. 2, of the Workmen's Compensation Act, as passed by the Thirty-Fifth Legislature (Acts 35th Leg. [1917] c. 103 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—25, 5246—44]).

Section 12d is as follows:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the Board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this act, or change or revoke its previous order sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

Section 5, pt. 2, is as follows:

"All questions arising under this act, if not settled by agreement of the parties interested therein and within the terms and provisions of this act, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty days after the rendition of said final ruling and decision by said Board give notice to the adverse party and to the Board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé or person suing on account of the death of such employé shall be against the association if the employer of such injured or deceased employé at the time of such injury or death was a subscriber as defined in this act. If the final order of the Board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act. If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty days, to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the board shall certify that fact to the Commissioner of Insurance and Banking, and such certificate shall be sufficient cause to justify said Commissioner of Insurance and Banking to revoke or forfeit the license or permit of such association to do business in Texas."

Charley Hayes was in the employment of the Beaumont Shipbuilding & Dry Dock Company, which company carried liability insurance, under the Workmen's Compensation Act, with appellant. On the 18th day of April, 1919, while in the course of his employment, Hayes was killed. The appellee, who claimed to be his common-law wife, duly filed her claim for compensation before the Industrial Accident Board. After a hearing of her claim, the Board entered an order refusing her compensation, on the ground that she was not the wife of Charley Hayes, and was not a legal beneficiary under the statute. This order was entered on the 20th day of June, 1919. She gave notice of appeal, as required by section 5 above

quoted, but did not perfect this appeal in the time required by this section, but did file the suit to set aside this award on the 19th day of July, 1919. The filing of this suit was more than 20 days after she had given notice of appeal. Afterwards, she filed with the Board her application, asking that the previous reward be revised and set aside. The Board gave due notice of this application, and on the 17th day of January, 1920, entered an order as follows:

"On this 17th day of January, A. D. 1920, after due notice to all parties at interest came on to be considered by the Industrial Accident Board the application of Eleanor ——— to review the award made by the Board herein under date of June 20, 1919, and the Board finds that said award was based upon mistake and that the same be revoked and it is so ordered, adjudged, and decreed. * * *"

Appellants gave notice of appeal from this award, and in due time filed suit to set it aside. The two suits thus pending in the same court were consolidated, and upon a hearing on the facts in a trial before a jury, the following judgment was entered:

"On this 17th day of June, 1920, at a regular term of the court coming on to be heard the above two causes which were by agreement of the parties and order of the court consolidated and tried together as one cause, came the parties plaintiff, and defendant, and announced ready for trial whereupon came a jury of twelve good and lawful men, to wit, J. J. Hogan, and eleven others who were duly selected, impaneled, and sworn, and after hearing the pleadings, the evidence, charge of the court, and argument of counsel retired to consider their verdict, said cause was submitted to the jury, on one special issue to wit:

"Special issue No. 1:

"Did a common-law marriage exist between the plaintiff and Charley Hayes on April 18, 1919? (Answer yes or no.)

"In answer to said special issue, the jury thereafter on June 18, 1920, returned into open court their answer and verdict as follows, to wit:

"'We the jury herewith answer the question submitted to us, Yes. [Signed] J. J. Hogan, Foreman.'

"The parties hereto having filed an agreement which left as the only issue to be litigated whether or not the plaintiff and Charley Hayes, deceased, were common-law man and wife at the date of his death, and having made such admissions in open court, the court finds:

"(1) That on April 18, 1919, the Beaumont Shipbuilding & Dry Dock Company was a subscriber to the Employers' Liability Act, and on that date carried a policy of insurance with the Miller's Indemnity Underwriters.

"(2) That on said 18th day of April, 1919, C. H. Hayes was in the employ of said Beaumont Shipbuilding & Dry Dock Company and as such employee was covered by said policy of insurance.

"(3) That on said date and while engaged in the course of his employment, the said C. H. Hayes sustained injury to his head resulting in

death as set out in report of accident and other evidence now of record in this cause.

"(4) That the average weekly wages of the said C. H. Hayes, deceased, made the predicate of compensation herein in the sum of $25, and his surviving legal beneficiaries are therefore entitled to compensation at the maximum rate of $15 per week.

"The court further finds that C. H. Hayes, deceased, left as his sole and exclusive legal beneficiary who is entitled to recover compensation herein his surviving widow, Mrs. Eleanor Hayes, and that the said Mrs. Eleanor Hayes is entitled to recover and be paid compensation at the rate of $15 per week for the period of 360 weeks, beginning on April 18, 1919, and continuing thereafter until the full period has fully expired.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Eleanor Hayes, do have and recover of and from Miller's Indemnity Underwriters, a reciprocal insurance association organized and operating under chapter 156 of the statute of Texas, enacted by the Thirty-Fourth Legislature of Texas, the sum of $5,400 payable $15 per week beginning on April 18, 1919, for each consecutive week during said full period of 360 weeks. It appearing to the court that defendant paid $100 toward the burial expense of said Charley Hayes, defendant is entitled to and should be credited with $100 as against the weekly compensation first falling due. The court finds that from April 18, 1919, to this date weekly compensation at the rate of $15 is due the plaintiff, from defendant, aggregating $910.70; deducting therefrom $100 paid by defendant toward burial expense, leaves a balance of $810.70 due at this time. It is therefore ordered by the court that the defendant pay to the plaintiff the sum of $810.70, for which let plaintiff have execution and that plaintiff may have execution for any and all weekly payments in the future from this date which are not paid when due. It is further ordered that plaintiff recover from the defendant all costs incurred in both causes consolidated herein for which let execution issue. The claim to have attorney's fees fixed and awarded in this action set out in plaintiff's petition was withdrawn and was eliminated from this cause and was not considered by the court, and it is not an issue herein. The court is further of the opinion that the facts do not justify a lump sum judgment, and plaintiff's prayer is denied, and it is ordered as to the claim of plaintiff for a lump sum judgment that she take nothing."

In attacking the award of the Industrial Accident Board, appellant makes no point against the finding by the Board of the jurisdictional facts required by section 12d. Their position is well stated in their first propositions under their sixth assignment of error, which is as follows:

"Where the undisputed facts show that an award was rendered by the Industrial Accident Board denying compensation on a claim, and that within 20 days after said award was made the claimant gave notice that she would not be bound, nor abide by said award, and that she failed within 20 days after giving said notice to file suit to set aside said award, said award becomes binding and conclusive between the parties, and it is error for the court to refuse to give a peremptory instruction to the jury to so find."

We cannot assent to this construction of these two sections of this act. The purpose of this act was to afford a speedy and certain method of adjusting industrial accidents. The Industrial Accident Board is the machinery provided by law for the purpose of administering this act. The dissatisfied party may appeal to the courts. For this purpose notice of such appeal is necessary. Notice of appeal does not remove the claim from the jurisdiction of the Board. This is done only by filing suit for review within 20 days after the date of the Board's award. Unless suit is filed within 20 days after notice of appeal, the award becomes binding between the parties. So, if no notice of appeal is given, the award becomes binding between the parties. No suit being filed, the jurisdiction of the courts does not attach. If suit is filed, then the jurisdiction of the claim passes from the Board to the courts. It seems to us that the only effect of a failure to file the suit within the 20 days is to lose the valuable privilege of having the award judicially reviewed. If the giving of notice of appeal removes the claim from the jurisdiction of the Board, and if by failing to file suit the jurisdiction of the court does not attach, what authority, then, can administer the claim? It seems to us that all jurisdiction over these compensation claims not vested in the courts by this act necessarily rests with the Board. Our construction of these two sections is that the failure of the losing party to perfect his appeal by the filing of suit within the statutory period is an abandonment of the appeal, and the administration of the claim rests with the Board as if no notice had been given.

Appellants also complain of the finding of the jury that appellee was the common-law wife of Charley Hayes, deceased. There is no merit in this contention. This was purely a question of fact, and the verdict of the jury is supported by a great abundance of competent and relevant testimony.

Complaint is made also of the refusal of the trial court to submit quite a number of special issues. No error is shown in this respect. This case was tried on the agreement as stated in the judgment quoted above. The requested issues involved only evidentiary facts, and did not call for a finding on the ultimate issue of marriage vel non.

The other assignments have been disposed of by what we have said above.

Finding no error in this record, the judgment of the trial court is in all things affirmed.

On Rehearing.

Appellant strenuously insists that we erred in our construction of the following provisions of section 5, pt. 2, of the Workmen's Compensation Act:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty days after the rendition of said final ruling and decision by said Board give notice to the adverse party and to the Board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided."

We have given this motion our most careful consideration, and the majority of the court adheres to the construction given in our original opinion. Under the provisions of this section, it seems to us, not only that notice must be given, as provided, but also that suit must be duly filed, in order to deprive the Industrial Accident Board of jurisdiction of the claim. From this construction, Mr. Justice O'Quinn asks us to enter his dissent, on the following grounds:

(1) The giving of the statutory notice had, within itself, the effect of ending the jurisdiction of the Board over this claim. The statutory provision for the filing of the suit, after giving the notice, is a matter of procedure given the complaining party, whereby he may have the decision of the Board reviewed and secure a judicial determination of the issues of fact and law. If he fails to follow the procedure thus given him, the decision of the Board becomes final, and neither the Board nor the courts can review such finding.

(2) Appellee could not pursue two inconsistent remedies at the same time. Though the filing of suit, after the expiration of the statutory period of twenty days, conferred no jurisdiction on the court to grant the relief prayed for, yet having filed suit after the expiration of the twenty-day period, she made an election of the remedies given her by law, and the Board was without authority, while this suit remained on the docket, to reopen the case on her petition. It appearing that the action of the Board was based on her petition, and was not on its motion, its order reopening the claim, if otherwise legal, must fall.

(3) As the Board denied liability in this case, there was no "compensation period," within the meaning of section 12d, pt. 1, of the act. "Compensation period" can only mean the period during which, under the statute, compensation is to be paid. As the claim was denied, no compensation was to be paid, and hence there was no "compensation period." The denial of the claim by the Board ended its jurisdiction, because under the statute there is no provision for a further review by it of such a holding. The complaining party's only relief is to give due notice of appeal to the courts, and file a suit in due time, as provided by law. Having failed to file this suit, the ruling of the Board was final and binding on both parties, because there was no "compensation period" in which it could be reviewed by the Board, and it had no jurisdiction, either on its motion or on petition of claimant, to reopen the claim.

It is the judgment of the majority of the court that the motion for rehearing should be in all things overruled, and it is accordingly so ordered.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes