## HUGGINS v. TEXAS & N. O. R. CO.
### No. 2594.

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1931.

Rehearing Denied Dec. 10, 1931.

Jno. T. Hill, of El Paso, for plaintiff in error.

Kemp & Nagle, of El Paso, for defendant in error.

WALTHALL, J.

This case presents a suit for damages for personal injuries alleged to have been sustained by plaintiff in error through the negligence of defendant, hereinafter stated more fully, resulting in the amputation of the index or forefinger at its second joint, and from which injury blood poisoning resulted causing pain and suffering, and loss of capacity to labor and earn money.

Defendant in error answered by a verified plea in abatement, alleging that long prior to the filing of this suit plaintiff in error filed a suit in the district court of El Paso county *in which former suit the identical cause of action and all matters and things were involved as in this suit; that said former suit was tried in the district court and re-sulted in a verdict and judgment in favor of this defendant, which former suit and judgment is evidenced by certified copies attached to and made a part of its answer; that plaintiff in error prosecuted his appeal from said district court judgment to the Court of Civil Appeals [17 S.W.(2d) 848], in which court the matters involved in the suit were tried and determined and in all things involved in the suit affirmed as shown by a certified copy of the opinion of the appellate court, and that from said opinion no application for writ of error to the Supreme Court was ever made by plaintiff. Defendant alleged that the district court in which said cause was tried, and the appellate court, each had and acquired jurisdiction of said former suit, and that the adjudication of said cause became final and binding.

Defendant also pleaded the same matters set out above in bar of plaintiff in error's cause of action, and as a final adjudication of all issues, matters, and things involved in the instant suit.

The case was tried to a jury. The trial court instructed a verdict in favor of defendant in error, which verdict the jury returned, and judgment was entered thereon sustaining defendant's plea in abatement. This appeal is duly prosecuted from that judgment.

The trial court filed findings of fact and conclusions of law as follows:

"1. That plaintiff sued the defendant in a former suit, as alleged in the plea in abatement, in which a judgment was rendered for defendant on an instructed verdict; an appeal was taken to the appellate court as shown by an opinion of that Court [17 S.W.(2d) 848] made a part of defendant's plea, and no appeal was taken from the Court of Civil Appeals, and that no mandate appears to have been issued.

"2. The cause of action herein arose out of the same occurrence complained of in plaintiff's suit No. 30174, (the former suit) filed and tried in the Forty-First District Court of El Paso County, Texas, Andy Huggins v. Texas & New Orleans Railroad Company.

"3. The cause of action herein could and should have been asserted in the trial of the above cause, No. 30174."

The court concluded that by reason of the findings of facts stated, "the plaintiff's cause of action, if any he has, has been adjudicated, and plaintiff has no right to maintain this suit."

### Opinion.

No statement of facts, other than the findings of facts as made by the trial court, is found in the record.

Plaintiff submits that it is not shown that the former suit and the present suit are be-

tween the same parties. Defendant alleged that they were the same. The name of the plaintiff and the name of the defendant in each of the suits are the same; in each suit the circumstances under which the injury occurred and the injury sustained are identical.

The trial court in the findings of fact refers to the plaintiff in the former suit as being the plaintiff in the present suit, in the district court and in the Court of Civil Appeals. There is nothing in the pleadings of the parties, or in plaintiff's assignments of error, to suggest that either party in the two suits is a different party.

Plaintiff submits that the former suit is not based upon any negligent act of defendant while the present suit is.

In his former suit, after stating the circumstances which caused the injury to his finger, the insistence of defendant's foreman that plaintiff work while sick and in no condition to work on account of his injured finger, plaintiff alleged that "the amputation of his finger was caused by the carelessness and negligence of the defendant and its foreman in requiring him to work when he was in no condition to work, and in depriving him of medical attention when he asked for medical attention," and then alleged that "the acts of the said foreman in requiring the plaintiff to work," etc., "was the direct and proximate cause of the loss of his finger, and injury and suffering and sickness" and that "by reason of the premises plaintiff has been damaged."

In the present suit plaintiff alleges practically the same facts and circumstances that caused his injury, the same injury to his finger, the same parties to the suit and each suit filed in the district court, and for the same amount of damages sustained.

Appellant suggests that the cause of action as pleaded in the former suit was not tried on its merits.

The opinion of this court on the former hearing, made a part of the plea in abatement, shows: "Upon peremptory charge there was verdict and judgment for defendant." The opinion shows that the action of the trial court in giving the peremptory charge was sustained for the reason that plaintiff failed on the trial in the elicitation of the evidence to establish the relationship of master and servant. That was a matter of fact at issue made by the pleadings on the former trial, an issue essential to plaintiff's cause of action to be determined on the trial in the former suit to entitle him to recover. In the present suit, under the pleadings, it would be essential to plaintiff's cause of action that he establish the relationship of master and servant. Philipowski v. Spencer, 63 Tex. 604; James v. James, 81 Tex. 373, 16 S. W. 1087; Huggins v. Texas & N. O. R. Co. (Tex. Civ. App.) 17 S.W.(2d) 848. As said by the Austin Court in Middleton v. Nibling (Tex. Civ. App.) 142 S. W. 968, a suit prosecuted to final judgment is a bar to a subsequent suit only upon one of two grounds, viz., res adjudicata and estoppel. In order for a suit to be res adjudicata as to the matter involved in a subsequent suit, it must appear that the very point in issue was adjudicated in the former suit or could have been adjudicated under the pleadings in such suit. To the same effect is Long v. Martin, 116 Tex. 135, 287 S. W. 494, 495; Tuerpe v. George W. Saunders L. S. Comm. Co. (Tex. Civ. App.) 259 S. W. 649; Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Houston T. I. Co. v. Westergreen, 119 Tex. 204, 27 S.W.(2d) 526; 34 Corpus Juris, § 1325.

Here the facts in the former suit and in this suit are identical.

Under the above authorities we think that in the suit for damages for improper treatment of plaintiff's finger could be joined damages for negligently causing the plaintiff to take hold of the box which caused the injury to his finger.

If one action would be ex contractu and the other ex delicto, as plaintiff suggests, and for that reason could not be joined, the rule is not without exceptions under our system of pleading. An exception to the rule is when the two causes, as here, grow directly out of, or are immediately connected with the same matter. Ross v. W. D. Cleveland & Sons (Tex. Civ. App.) 133 S. W. 315; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S. W. 230; Thomas v. Ellison (Tex. Civ. App.) 110 S. W. 934.

We have concluded that under the facts as presented in the record the court was not in error in sustaining defendant in error's plea in abatement.

Finding no reversible error, the case is affirmed.