### NEW AMSTERDAM CASUALTY CO. v. MERRIFIELD.
#### No. 7990.

Court of Civil Appeals of Texas. Austin.
July 2, 1934.

Rehearing Denied July 21, 1934.

Baker & Baker, of Coleman, for appellant.

Frank C. Dickey, of Ballinger, for appellee.

BAUGH, Justice.

This suit arose under the Workmen's Compensation Act. Appellee, an employee of the D. T. Jones Construction Company, which carried compensation insurance with appellant, was injured while working on a bridge in Runnels county, in February, 1932. He duly presented his claim to the Industrial Accident Board, and on July 12, 1932, was awarded compensation at $7 per week for an indefinite period, not to exceed 52 weeks. The insurer, appellant here, gave due notice of its refusal to abide by such award, and seasonably filed suit in the district court of Runnels county to set aside said award. The appellee answered by cross-action and sought recovery for total disability for the maximum time authorized by the statute. Trial was to a jury upon special issues, and the jury found that appellee was 75 per cent. incapacitated and entitled to compensation

186

for a period of 76 weeks; and that the average daily wage in that vicinity for his class of work during the preceding year was $4.75. The court rendered judgment in accordance with the verdict, from which the insurer has appealed.

Numerous propositions are presented, but only two contentions are here urged. The first is that since appellee did not give notice of any dissatisfaction with award made to him by the Industrial Accident Board, and did not himself prosecute an appeal therefrom, he could not invoke the jurisdiction of the district court on the insurance company's appeal from said award against it, and thereby recover a greater amount than said award. That is, in effect, that because he did not affirmatively take action himself to set aside such award, he is bound by it; but that because the insurance company did sue to set it aside, it is not bound by such award.

■ This contention has been definitely settled against appellant in the cases of Maryland Cas. Co. v. Baker (Tex. Civ. App.) 277 S. W. 204, and Southern Cas. Co. v. Fulkerson (Tex. Com. App.) 45 S.W.(2d) 152, 155, wherein it was held (and no other reasonable conclusion could be reached we think) that when *either party* being dissatisfied with the award properly invokes the jurisdiction of the district court to set it aside, the award is suspended, and the court acquires jurisdiction over the entire controversy in a trial de novo. When, therefore, the district court had acquired jurisdiction upon appellant's petition to set aside said award, and appellee had filed his answer and cross-action asking for affirmative relief in excess of that awarded by the Industrial Accident Board, appellant could not after having joined issues with appellee in that court then dismiss its asserted cause of action to the prejudice of appellee. Appellant admits that the Fulkerson Case, supra, is to the contrary, but insists that the Fulkerson Case is in conflict with that of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1088, by the Supreme Court, and must be controlled by the latter. There is no conflict between them. Mingus v. Wadley was brought under article 8307, § 5a, R. S. 1925, by the party granted an award, and against the insurer, to enforce payment of said award. In that case neither party had appealed from the award of the board. The instant case was a suit to set aside such award under section 5 of article 8307, as amended by Acts 1931, c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5), a separate and distinct procedure. It may be noted, however, that in Mingus v. Wadley, in discussing

suits to set aside such awards, the court held that when such suit is filed the board's award is "suspended and its subject-matter withdrawn from the board and all of the courts, except the one in which the suit is filed, and which has complete and exclusive jurisdiction to go to judgment and execute its decisions."

■ The court having properly acquired exclusive jurisdiction over the subject-matter of this suit—that is, the amount of compensation appellee was entitled to receive, and the manner of its payment—clearly it had jurisdiction as to both parties and of the entire subject-matter, to adjudicate all issues between the parties under the terms of the Compensation Act. Appellant, having invoked the jurisdiction of the district court upon that subject-matter, cannot then be heard to deny that jurisdiction, because in its exercise a more onerous judgment in favor of the injured employee is imposed upon it than was imposed by the original award of the board.

■■ The only other contention made complains of the judgment rendered because there was not submitted to the jury the question of whether or not the appellee had been employed for a year next preceding the date of his injury. Appellant's contention in this regard is that the only evidence on this question was that of appellee himself, and because he was an interested witness, his testimony was not conclusive, and that therefore a jury finding thereon was necessary.

The measure of appellee's compensation, as sought to be established herein, was clearly predicated upon subdivision 2, § 1, of article 8309, R. S. 1925. It is now settled that the method prescribed in said subdivision 2 for computing a claimant's weekly wage cannot be resorted to unless it be shown that the method prescribed in subdivision 1 of said section is not applicable. American Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26. It is not controverted that appellee had been engaged in the employment in which he was injured only about 40 days prior to his injury. Nor is it contended that the evidence was not sufficient to sustain the jury finding of the average daily wage of employees of the same class and kind engaged in the same work as appellee for the preceding year in that vicinity. Nor did appellant request submission to the jury of the question of whether appellee had been employed substantially the whole of the preceding year. It is true that the only testimony as to that was by appellee himself, but there is nothing in the record to contradict his testimony in

any manner, nor to cast any suspicion upon its verity. A situation is easily conceivable, where an employee has been injured shortly after his employment began, and the issue here presented is raised, that the only proof available as to his previous employment would be the testimony of the witness himself. Periods and places of employment may readily be proven by the testimony of the employer. But proof of periods of unemployment is a different matter. And, as in this case, unless there be something to cast some suspicion upon the testimony of the injured employee, the mere fact that his is the only testimony on that question does not, we think, require that question to be submitted to the jury. In the instant case, if the jury had found that appellee had been employed substantially the whole of the year preceding his injury, such finding would have been without evidence to support it. Under these circumstances, we think the contention made is without merit and is overruled.

The judgment of the trial court is therefore affirmed.

Affirmed.