## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. RODGERS.

### No. 4432.

Court of Civil Appeals of Texas. Amarillo.
May 27, 1935.

Rehearing Denied June 24, 1935.

Shannon, Ochsner & Pheiffer, of Amarillo, for appellant.

L. B. Godwin and Kimbrough & Boyce, all of Amarillo, for appellee.

MARTIN, Justice.

On November 21, 1932, appellee was awarded $4 per week for 150 weeks by the Industrial Accident Board as compensation upon a claim theretofore filed by him under the Texas Workmen's Compensation Statute (Vernon's Ann. Civ. St. art. 8306 et seq.). Both appellee and appellant filed notice of intention not to abide by said award. Thereafter, suit was timely filed by appellee to set aside said award, to which appellant answered only by a general demurrer and general denial. On February 17, 1934, without objection from appellant, and no further pleading by it than stated, appellee took a nonsuit, and order was duly entered that appellant go hence without day and with its costs.

Upon refusal of appellant to pay the said award, appellee filed suit to mature same under article 8307, § 5a, and for 12 per cent. penalty and attorney's fees.

Judgment for appellee as prayed for, and appellant appealed, assigning here, in substance, the two errors now briefly discussed: First, that upon the recited facts the award of the Industrial Accident Board became and was a nullity; and, second, that since appellant had good reason to believe it owed appellee nothing, its refusal to pay was not without "justifiable cause," as that term is used in said article 8307, supra, and hence no penalty and attorneys fees were recoverable.

█ Appellant quotes the language of several Court of Civil Appeals authorities to sustain his first contention. We are of the opinion that the proper judgment was rendered by the trial court, and we will not pause here to consume space in an attempt to harmonize judicial expressions thought to conflict with this view, particularly since, in our opinion, no case has been quoted where the precise question here was present.

If the mere institution of suits of the present character kills eo instanti an award of the Industrial Accident Board, as contended by appellant, then the entire Workmen's Compensation Act would be judicially nullified for all practical purposes. For example: All any insurer has to do to destroy its liability is to institute suit, issue citation, and, before the claimant can file answer, dismiss its suit. The award is then a dead letter, and the claimant cannot sue to enforce or mature such award.

The precise question presented here has been twice before the United States Circuit Court of Appeals, Fifth Circuit, We quote: "Until a judgment is entered in the suit, taking the place of the award of the board, the award stands, suspended and not effective while the suit to set it aside proceeds, but subject to be made effective upon the dismissal or abandonment of the suit to set it aside. During the pendency of a suit to set aside the award no other action can be filed to enforce it, jurisdiction is withdrawn from the board, and a final judgment does away with the award. But nothing short of final judgment will do this. The abandonment or dismissal of the suit to set aside the award reinstates the award and another suit may be brought to mature and enforce it." Wilson v. Associated Indemnity Corp. (C. C. A.) 74 F.(2d) 896, page 899.

714

See, also, Maryland Casualty Co. **v.** Latham (C. C. A.) 41 F.(2d) 312.

We quote further the language of our Supreme Court: "Suits to set aside awards are analogous to appeals from trial courts to Courts of Civil Appeals. Millers' Ind. Underwriters v. Hayes [Tex. Com. App.] 240 S. W. 904, 907. When such a suit is brought to set aside the award, the vitality and finality of the award is therefore suspended and its subject-matter withdrawn from the board and all of the courts, except the one in which the suit is filed, and which has complete and exclusive jurisdiction to go to judgment and execute its decisions. Cleveland v. Ward, [116 Tex. 1] 285 S. W. 1063, recently decided; Revised Statutes 1925, art. 8307, § 5a." Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, page 1088.

See, also, New Amsterdam Casualty Co. v. Merrifield (Tex. Civ. App.) 74 S.W.(2d) 185, and authorities there cited.

If, as stated, the finality of such an award is merely suspended by suit, it could not be dead at the same time.

■ If we could agree to the soundness of the second contention as a legal proposition, still we find here no evidence whatever to sustain it. Under this record, we think penalty and attorney's fees were recoverable. Latham Case, supra.

The judgment is affirmed.