**TEXAS RECIPROCAL INS. ASS'N v. LEGER.**

**No. 10171.**

Court of Civil Appeals of Texas. Galveston.

Feb. 27, 1936.

Rehearing Denied March 26, 1936.

Weatherby & Rogers and Tom P. Scott, all of Waco, for appellant.

Howell & Howell, of Beaumont, for appellee.

GRAVES, Justice.

This statement, deemed to be substantially correct, is taken from the appellee's brief:

"This is a suit to enforce an award of the Industrial Accident Board made and entered on the 5th day of October, 1932, in favor of the appellee, D. Leger, and against the appellant, Texas Reciprocal Insurance Association, in the amount of one hundred fifty (150) weeks commencing on the 31st day of May, 1932, at a compensation rate of Eight and 65/100 ($8.65) Dollars per week.

"From this award appellant gave notice of intention to appeal, and on the 7th day of November, 1932, filed its suit in the district court of Chambers County, Texas, styled Texas Reciprocal Insurance Association v. D. Leger, No. 2813, to set aside said award. On the 17th day of April, 1933, said cause came on to be tried, and upon

the refusal of the appellant, Texas Reciprocal Insurance Association, to proceed with the hearing, the court entered its order dismissing Cause No. 2813. Appellant reserved no exception to the court's order of dismissal, nor did it file any appeal from said order, and at the expiration of the term of said court the judgment became final.

"Thereafter, on the 21st day of April, 1933, appellee, D. Leger, filed this suit in the district court of Chambers County, Texas, to enforce and mature the award of the Industrial Accident Board made and entered on the 5th day of October, 1932; said suit being numbered 2823 on the docket of said court.

"Thereafter, on the 16th day of April, 1934, said Cause No. 2823 came on to be heard, and after hearing the pleadings, the evidence, and argument of counsel, the trial court entered judgment in favor of appellee against appellant, maturing said award, with twelve per cent penalty, and attorney's fee.

"Appellant, Texas Reciprocal Insurance Association paid nothing on said award made and entered as aforesaid, although numerous demands for payment had been made."

The substance of appellant's contentions on its appeal from the judgment so rendered below, together with its collations of authorities as being in support thereof, is thought to be reflected in these quotations from its brief:

"Point One. Under the Workmen's Compensation Law of the State of Texas, where the appeal is timely and properly taken by the insurer from the final ruling, decision, and award of the Industrial Accident Board to a court of competent jurisdiction, and the claimant files his cross-action in said appeal and the appeal is dismissed, and the claimant voluntarily dismisses his cross-action, the award of the Industrial Accident Board is abrogated, and the jurisdiction of the court to which such appeal is taken is invoked to adjudicate the entire controversy and the board's jurisdiction is lost. Article 8307, § 5, Revised Statutes 1925, as amended by Acts 1931, c. 224, § 1 (Vernon's Ann.Civ.St. art. 8307, § 5); Vestal v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 285 S.W. 1041; Greenfield v. Chas. K. Horton, Inc. (Tex.Civ.App.) 64 S.W.(2d) 369, 370; Southern Casualty Co. v. Fulkerson (Tex. Com.App.) 45 S.W.(2d) 152; Maryland Casualty Co. v. Reel (Tex.Civ.App.) 64 S. W.(2d) 1047; Republic Underwriters v. Howard (Tex.Civ.App.) 69 S.W.(2d) 584; Campbell v. Knox (Tex.Civ.App.) 52 S.W. (2d) 803; Petroleum Casualty Co. v. Webb (Tex.Civ.App.) 54 S.W.(2d) 1066; Stowell v. Texas Employers' Ins. Ass'n (Tex.Civ.App.) 259 S.W. 311, 312.

"Point Two. Where the insurer duly, timely, and legally appeals from an award of the Industrial Accident Board to a court of competent jurisdiction, and the claimant files his cross-action and in his pleadings admits all jurisdictional facts, and the appeal is dismissed and the claimant voluntarily dismisses his cross-action, and the insurer immediately tenders payment of the award, with all legal interest, and the claimant refuses and continuously demands in addition to the award and interest, penalties and attorneys' fees, the claimant is not entitled to file suit to mature the award.

"Point Three. In this case, the award of the Industrial Accident Board not being for a definite number of weeks, but being for total incapacity for the performance of labor for an indefinite period in the future not exceeding one hundred and fifty weeks, plaintiff is and was not entitled to judgment maturing said award, because to allow judgment maturing the award would be contrary to the conclusion of the board that the total incapacity for labor would continue as long as one hundred and fifty weeks from the time plaintiff suffered the injuries.

"Authorities: Article 8307, Revised Civil Statutes of the State of Texas, § 5a; Georgia Casualty Co. v. McClure (Tex. Civ.App.) 239 S.W. 644; Minor v. London Guarantee & Accident Co. (Tex.Civ.App.) 267 S.W. 1020; Id. (Tex.Com.App.) 280 S.W. 163; Arter v. Southern Surety Co. (Tex.Civ.App.) 29 S.W.(2d) 847; Southern Surety Co. v. Arter (Tex.Com.App.) 44 S.W.(2d) 913.

"The judgment in the Court of Civil Appeals in the case of Arter v. Southern Surety Co. was affirmed by Section B of the Commission of Appeals of Texas, in an opinion in 44 S.W.(2d) 913.

"From the authorities herein set out and from the facts which are undisputed in the record, we do not believe the court can reach the conclusion that appellee was entitled to bring suit to mature the award of the Industrial Accident Board. If this were permitted, the court would be in the

position of finding from the award itself that the appellee was entitled to one hundred and fifty weeks' compensation, when the board found to the contrary. This proposition of law necessarily brings us back to the first proposition relied upon herein: That. when appellee, who was the cross-defendant in Cause No. 2813, in the district court of Chambers County, Texas, admitted in his pleadings all of the jurisdictional facts necessary to confer jurisdiction upon the district court of Chambers County, and then voluntarily dismissed his cross-action, he was left without an award and placed himself in the position of taking a nonsuit, and having to go back and have the Industrial Accident Board again hear his claim."

The answering positions of the appellee, in which this court concurs, and which it accordingly adopts as its opinion herein, are thus in part set out in its brief:

"First Counter Proposition. The Industrial Accident Board of the State of Texas made an award in favor of D. Leger, appellee, and against the appellant, Texas Reciprocal Insurance Association, as insurer, and the insurer appealed from said award to the district court of Chambers County, Texas, a court of competent jurisdiction, and upon a trial de novo of such suit to set aside the award, the district court entered its final judgment dismissing said suit and, the insurer failing to except to the judgment of dismissal or to appeal from such order, upon such judgment becoming final the appellee or claimant is entitled to have the award of the Industrial Accident Board matured and enforced, together with twelve per cent penalty and a reasonable attorney's fee.

"Second Counter Proposition. Where a purported offer to pay an award of the Industrial Accident Board of the State of Texas is made without being accompanied by money or its equivalent, then such offer does not constitute a legal tender.

"Third Counter Proposition. In a suit to enforce an award of the Industrial Accident Board of the State of Texas, claimant is entitled to mature all future weekly installments provided for in said award.

"Authorities and argument under appellee's first counter proposition: Article 8307, section 5a, of the Revised Civil Statutes and section 5 as amended by Acts 1931, c. 224, § 1 (Vernon's Ann.Civ.St. art. 8307, § 5) of Texas; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Vestal

v. Texas Employers' Ins. Ass'n (Tex.Com. App.) 285 S.W. 1041; Texas Employers' Ins. Ass'n v. Neal (Tex.Civ.App.) 11 S. W.(2d) 847; Texas Employers' Ins. Ass'n v. Nunamaker (Tex.Civ.App.) 278 S.W. 889; Minor v. London Guarantee & Accident Co., Ltd. (Tex.Com.App.) 280 S.W. 163; Zurich General Accident & Liability Ins. Co., Ltd., v. Rodgers (Tex.Civ.App.) 83 S.W.(2d) 713; Wilson v. Associated Indemnity Corporation (C.C.A.) 74 F.(2d) 896; Maryland Casualty Co. v. Latham (C.C.A.) 41 F.(2d) 312; Millers' Indemnity Underwriters v. Hayes (Tex.Com. App.) 240 S.W. 904; New Amsterdam Casualty Co. v. Merrifield (Tex.Civ.App.) 74 S.W.(2d) 185; Texas-Carolina Oil Co. v. Fires, 121 Tex. 396, 48 S.W.(2d) 600; Huggins v. Texas & N. O. R. Co. (Tex. Civ.App.) 43 S.W.(2d) 655.

█ It is the contention of appellant that the appellee could not maintain a suit to enforce an award under the circumstances as above outlined, and that the court improperly entered judgment maturing the award because the appellant had properly perfected its appeal to the district court to have the award of the Industrial Accident Board vacated. Such contention by appellant cannot be heard upon this appeal as the order of dismissal entered by the court in Cause No. 2813 became final at the expiration of the term, and appellant having failed to enter an exception to the court's judgment or to appeal from such judgment, same at this time cannot be attacked.

█ "It is further the contention of the appellant that the award is not enforceable because the Industrial Accident Board lost jurisdiction when suit was filed to set aside the award and that the district court lost jurisdiction when such suit was dismissed, and, therefore, the only remedy that appellee now has is to go back before the Board, re-file his claim and have another award made.

"Section 5a of article 8307 of the Revised Civil Statutes of Texas is as follows:

"'Sec. 5a. In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then in that event, the claimant in addition to the

rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

" 'Where the board has made an award against an association requiring the payment to an injured employee or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employee or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit.'

"This article with reference to the enforcement of an award of the Industrial Accident Board has been construed many times by the courts of the State of Texas.

"In Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1088, the Supreme Court of Texas held:

" 'We pass now to the details of the remedy for the enforcement of an award. The time and the place where and under what circumstances a court may act are set forth in the statute. First, there must have been a final order of the Industrial Accident Board; second, that order must have been against the association—that is, the insurer; third, the insurer must fail or refuse to bring suit to set aside the award as provided for in section 5a. When these three things concur, the statute declares:

" ' "Then in that event, the claimant * * * may bring suit where the injury occurred, upon said order, ruling or decision." * * *

" 'Suits to set aside awards are analogous to appeals from trial courts to Courts of Civil Appeals. Millers' Ind. Underwriters v. Hayes (Tex.Com.App.) 240 S. W. 904, 907. When such a suit is brought to set aside the award, the vitality and finality of the award is therefore suspended and its subject-matter withdrawn from the board and all of the courts, except the one in which the suit is filed, and which has complete and exclusive jurisdiction to go to judgment and execute its decisions. Cleveland v. Ward [116 Tex. 1], 285 S.W. 1063, recently decided; Revised Statutes 1925, art. 8307, § 5a.

" 'It is plain, therefore, that before any suit can be instituted, there must be a final award against the insurer, and that award must be active and vital, and not suspended by suit to set it aside. Unless all three elements named by the statute, and set forth above, concur, no "event" has transpired which authorizes any court to entertain jurisdiction or to enforce the award. Such is the plain language of the statute, and such is its plain meaning. Like all other elements we have discussed with which it is connected, and of which it is a part, this "event" or contingency when suit is to be filed is jurisdictional, and not merely defensive. It is the plaintiff's cause of action, delimited by the statute, and he has no other under the law.'

"In the Mingus Case, the Supreme Court holds that an appeal from the award of the Industrial Accident Board is analogous to an appeal to the Court of Civil Appeals, and that the failure to have the award of the Board vacated leaves the award in the status of a final judgment.

"In Millers' Indemnity Underwriters v. Hayes, 240 S.W. 904, 907, the Commission of Appeals of Texas had this to say:

" 'An appeal from a decision of the Board to the courts is an analogous to an appeal from the district court to the Court of Civil Appeals [230 S.W. 833], in which the filing of a bond is a prerequisite to perfection thereof. It is not only the general rule, but has been pointedly decided in this state, that the mere notice of an appeal, in those cases in which a bond is required, will not suspend the jurisdiction as an appeal would have done.'

"Those two cases by the Supreme Court of Texas, which have been followed unanimously by the appellate courts of this

State, dispose of appellant's contention that the award of the Industrial Accident Board ·is not final upon the dismissal of the suit to set aside such award; and that same is enforceable by another suit to mature said award.

"With reference to the court's judgment entered in Cause No. 2813 being final, and upon which there was no appeal or exception taken, the courts in this State are .in accord that a judgment of dismissal is a final judgment.

"In Texas-Carolina Oil Co. v. Fires, 121 Tex. 396, 48 S.W.(2d) 600, the Commission of Appeals held:

" 'A judgment of dismissal, entered by a district court, finally disposes of the particular suit, and the Supreme Court does not have original jurisdiction to inquire as to the regularity of such judgment or to direct that it be set aside. Original jurisdiction to grant relief in respect of such a judgment lies in .the district court which rendered the judgment.'

"In Huggins v. Texas & N. O. R. Co., 43 S.W.(2d) 655, the Court of Civil Appeals at El Paso held:

" 'Final judgment bars subsequent suit only on grounds of res judicata and estoppel.'

"With reference to appellee's right to maintain his suit to enforce the award of the Industrial Accident Board after the district court had dismissed Cause No. 2813, we desire to call the court's attention to the recent case of Zurich General Accident & Liability Ins. Co. v. Rodgers, 83 S.W.(2d) 713, by the Court of Civil Appeals at Amarillo:

" 'If the mere institution of suits of the present character kills eo instanti an award of the Industrial Accident Board, as contended by appellant, then the entire Workmen's Compensation Act would be judicially nullified for all practical purposes. For Example: All any insurer has to do to destroy its liability is to institute suit, issue citation, and, before the claimant can file answer, dismiss its suit. The award is then a dead letter, and the claimant cannot sue to enforce or mature such award.

" 'The precise question presented here has been twice before the United States Circuit Court of Appeals, Fifth Circuit. We quote: "Until a judgment is· entered in the suit, taking the place of the award of the board, the award stands, suspended and not effective while the suit to set it aside proceeds, but subject to be made effective upon the dismissal or abandonment of the suit to set it aside. During the pendency of a suit to set aside the award no other action can be filed to enforce it, jurisdiction is withdrawn from the board, and a final judgment does away with the award. But nothing short of final judgment will do this. The abandonment or dismissal of the suit to set aside the award reinstates the award and another suit may be brought to mature and enforce it." Wilson v. Associated Indemnity Corporation (C.C.A.) 74 F.(2d) 896, at page 899.

" 'See, also, Maryland Casualty Co. v. Latham (C.C.A.) 41 F.(2d) 312. * * *

" 'If, as stated, the finality of such an award is merely suspended by suit, it could not be dead at the same time.'

"In this connection, we should also like to refer the court to the cases of Vestal v. Texas Employers' Ins. Ass'n (Tex.Com. App.) 285 S.W. 1041; Texas Employers' Ins. Ass'n v. Neal (Tex.Civ.App.) 11 S. W.(2d) 847; Texas Employers' Ins. Ass'n v. Nunamaker (Tex.Civ.App.) 278 S.W. 889; Minor v. London Guarantee & Accident Co. (Tex.Com.App.) 280 S.W. 163; New Amsterdam Casualty Co. v. Merrifield (Tex.Civ.App.) 74 S.W.(2d) 185.

"Authorities and argument under appellee's second counter proposition: Stern v. Maxwell (Tex.Civ.App.) 44 S.W.(2d) 482; Floyd v. Illinois Bankers' Life Ass'n (Tex. Civ.App.) 192 S.W. 607.

"It is the appellant's contention that a tender of the compensation due was made at the time Cause No. 2813 was dismissed, and, therefore, appellee could not maintain his suit to enforce the award.

"The record reflects that the following proceedings were had with reference to tender:

"Mr. Rogers: Let the record show that we at this time tender the amount of the past due payments, and counsel for Leger refuses to accept the tender.

"Mr. Scott: And it includes all past due interest.

"Mr. Howell: We want the record to show that the tender was an oral tender, and not accompanied by any cash consideration; and further, the tender now comes too late in that it is after the court has acted upon the pleadings in the case, and sustained our motion to dismiss. I want to add still further to that, it is further

shown that no exception was offered to the court's sustaining our motion to dismiss, and no notice was given in connection therewith, nor at the time such tender was made; and there was no accompaniment of any monetary value with such tender, and that the same was merely an oral tender made in open court, after action was had by the court.

"Mr. Scott: We want the record to show that we are now willing to tender a check that will be acceptable and will be paid in due course of presentation.

"This purported offer to pay could not in any manner constitute a legal tender. Stern v. Maxwell (Tex.Civ.App.) 44 S. W.(2d) 482; Floyd v. Illinois Bankers' Life Ass'n (Tex.Civ.App.) 192 S.W. 607.

"Authorities and argument under appellee's third counter proposition: Vestal v. Texas Employers' Ins. Ass'n (Tex.Com. App.) 285 S.W. 1041; Minor v. London Guarantee & Accident Co., Ltd. (Tex.Com. App.) 280 S.W. 163; Texas Employers' Ins. Ass'n v. Harrington (Tex.Civ.App.) 61 S.W.(2d) 167; article 8307, § 5a, Revised Civil Statutes of Texas and § 5, as amended by Acts 1931, c. 224, § 1 (Vernon's Ann.Civ.St. art. 8307, § 5).

 "Appellant urges the proposition that in a suit to enforce an award, where such award is fixed for a period in the future, such future installments cannot be matured.

"Article 8307, § 5a, among other things, provides that if the association fails to make payments of weekly installments promptly as they mature, then the injured employee shall have the right to mature the entire claim and institute suit thereon and collect the full amount thereof, together with penalty, and attorney's fee.

"The Board in this instance made an award of one hundred fifty (150) weekly installments of compensation to commence on the date of the injury, and no complaint has been or is now made that the Board made a mistake or that such award was secured by accident or fraud, and, therefore, the award of the Board is final, conclusive, and binding on all parties, as the award of the Board could be changed only upon a showing of mistake, accident, or fraud. Vestal v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 285 S.W. 1041; Minor v. London Guarantee & Accident Co. (Tex.Com.App.) 280 S.W. 163; Texas Employers' Ins. Ass'n v. Harrington (Tex. Civ.App.) 61 S.W.(2d) 167.

"Further discussion of the law applicable to this proposition is not necessary, because the question is now moot as to whether the court matured all future installments, as the award provided that payment of compensation was to commence on the 31st day of May, 1932, and the one hundred fifty (150) weeks thereafter have long since expired.

## "Summary.

"The writer of this brief has made a careful study of the propositions and assignments contained in appellant's brief, as well as the authorities cited therein.

"Appellant, in its brief, does not realize that the action of the trial court in dismissing the insurance company's suit appealing from the award of the Board is a final judgment which cannot be reviewed in this proceeding; there being no complaint of the trial court's action in dismissing the former suit; and also that the appeal from the award of the Board was made by the insurance company and that the suit was filed by the insurance company to set same aside, and that such suit was not instituted by the claimant. If the appeal and the suit had been instituted by the claimant, a different situation would have presented itself, as the claimant probably would not have been permitted to bring two suits arising out of the award, but in the instant case the claimant at all times has been satisfied with the award of the Industrial Accident Board, but has been unable to secure payment of the award or any part thereof."

Pursuant to these conclusions, the judgment of the learned trial court will be affirmed.

Affirmed.